51 F.3d 278
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Jesse CUNNINGHAM, Appellant.
 No. 94-3477WA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 14, 1995.
Filed: Mar. 29, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jesse Cunningham was sentenced to sixty months imprisonment following his guilty plea to possession of methamphetamine with intent to distribute. See 21 U.S.C. Sec. 841(a)(1) (1988). On appeal, Cunningham contends the district court committed error at sentencing by denying Cunningham's motion for an independent chemical test to determine the amount of methamphetamine Cunningham possessed, and by finding Cunningham possessed more than ten grams of methamphetamine. We affirm.
 
 
 2
 A review of the record shows Cunningham did not file any written objections to the presentence report (PSR) challenging the chemical tests of the methamphetamine. Cunningham also stated at his initial sentencing hearing that he was not disputing the amount of methamphetamine attributed to him in the PSR. After a continuation of the hearing, Cunningham changed his mind, attempted to challenge the percentage of methamphetamine in the drugs, and moved for an independent chemical analysis. The district court denied Cunningham's motion and found Cunningham possessed 10.475 grams of methamphetamine.
 
 
 3
 Although Cunningham must be given an opportunity to rebut the PSR, the district court has great discretion in directing the rebuttal procedure. See United States v. Duerksen, 782 F.2d 132, 132 (8th Cir. 1986). Because Cunningham did not challenge the test results in his objections to the PSR and conceded he was not objecting to the amount of methamphetamine at the initial hearing, we conclude the district court did not abuse its discretion in denying his eleventh-hour request for independent testing. We also conclude the district court did not commit clear error in finding Cunningham possessed 10.475 grams of methamphetamine based on a chemist's random testing of the drugs. See United States v. Johnson, 944 F.2d 396, 404-05 (8th Cir.), cert. denied, 502 U.S. 1008 (1991).
 
 
 4
 Accordingly, we affirm Cunningham's sentence.